## Dependents of Persons in Military Service

RITTER, Deputy Attorney General, May 28, 1942.— You have requested us to advise you whether the status of dependency, established as existing at the time of the induction of a Commonwealth employe into the military service, under the provisions of the Act of June 7, 1917, P. L. 600, as amended by the Act of June 25, 1941, P. L. 207, 65 PS §§111-113, and by the Acts of April 21, 1942, Ex. Sess., P. L. 50, and of May 6, 1942, Ex. Sess., P. L. 106, may be changed after such induction. You specifically inquire whether the fact that a dependent later receives income from sources other than the benefits under said act in excess of such benefits, changes the status of the recipients of such benefits from that of dependency to nondependency.

This department has already ruled in Benefits to Dependents of Persons in Military Service, dated January 22, 1942, 43 D. & C. 411, addressed to you, that before any person designated as a dependent of an applicant under the aforesaid legislation may be paid any benefits the persons so designated must have been

in fact dependent upon the applicant at the time he enlisted, enrolled, or was drafted into the military or naval service of the United States.

The Act of June 7, 1917, P. L. 600, as amended, supra, uses the words "dependent" and "dependency" in their popularly understood meaning and sense: Op. Atty. Gen. (1917-18), pp. 584, 586.

A dependent is "One who is sustained by another, or who relies on another for support or favor": Webster's New International Dictionary (2d ed.), p. 701. Dependency is defined by the same authority as the "state of being dependent."

In passing upon the question of what constitutes dependency within the meaning of the legislation being discussed, this department has already ruled that if the person or persons designated as dependents by an applicant have no means of support other than such as may be provided by the applicant, the case is manifestly one of dependency within the meaning of such legislation. We have also ruled that it is equally clear that dependency does not exist within the meaning of the act where the designated dependents have independent means of their own ample and adequate to maintain them suitably without the aid or assistance of others. The act is to be given a liberal construction and administration best to advance the generous purpose of the Commonwealth to provide for the families of those joining the armed forces of the country.

Section 3 of the Act of June 7, 1917, P. L. 600, as amended, provides that the statement required to be filed by section 2 thereof shall be prima facie evidence of the dependency of any person named as a dependent in such statement. Such prima facies of dependency conferred on the statement may, however, be rebutted by proof to the contrary: Op. Atty. Gen. (1917-18), p. 153. The ultimate fact of dependency is to be decided by the head of the department, bureau, commission, or office of the Commonwealth wherein the applicant was

employed prior to induction into military service, with the aid of the Board of Review created by executive orders of the Governor dated March 13 and July 13, 1941, and in accordance with rules and regulations promulgated by that board.

As indicated above, dependency must be established as existing at the time of induction, and such dependency is prima facie established by the statement filed under the act. Once the status of dependency is established, there is a presumption that it continues. However, this presumption of the continuance of the status of dependency may be overcome by proof to the contrary, just as the prima facies of dependency in the first place may be rebutted.

The primary purpose of the act is not to serve those who enter the service of the United States, but rather those who are dependent upon them. The act endeavors to maintain, to the degree permitted by its provisions, the status of the dependents of an employe of the Commonwealth which obtained at the time of his induction into military service. As we have already implied this status is subject to change. A status of dependency which existed at the time of induction may later change to a status of non-dependency. Such change would be occasioned by the receipt of income by the so-called dependents, which income they were not receiving at the time of induction, "ample and adequate to maintain them suitably without the aid or assistance of others." Op. Atty. Gen. (1917-18), pp. 584, 586.

You have also raised the specific question whether dependency ceases to exist due to the fact that a dependent receiving benefits under the act comes into enjoyment of an income from other sources in excess of the amount of benefits received. The answer to this question obviously depends upon the amounts involved, and whether the income from sources other than benefits is sufficient amply and adequately to maintain the

dependent suitably without the aid or assistance of others. The highest benefits that can be paid under the act to the dependents of an employe are $166.67 per month. This is because the act provides for the payment of one half of the salary or wages of the inductee, provided such one half does not exceed $2,000 per annum. From this figure of $166.67, benefits being paid to the dependents of an employe range all the way down to as low as $4.87 per month. The average benefits being paid to the dependents of any employe are $60.29 per month. As of the middle of February of 1942 there were about 600 Commonwealth employes being paid benefits under the act. Of this number the dependents of about 70 such employes were receiving from $4.87 to $40 per month; dependents of about 204 employes benefits from between $40 to $50 per month; dependents of about 112 employes from between $50 to $60 per month; dependents of about 57 employes between $60 and $70 per month; dependents of about 42 employes between $70 and $80 per month; dependents of about 43 employes between $80 and $90 per month; dependents of about 10 employes between $90 and $100 per month; and dependents of about 61 employes from $100 to $166.67 per month.

Dependency is a question of fact to be determined after taking into consideration all of the known factors relating to any given case. What may constitute dependency within the meaning of the act in one case might not in another. There are many factors which should be considered and we shall not attempt to enumerate all of them. However, some of such factors are the obligations resting upon the persons designated as dependents, the scale of living to which such persons have been accustomed, the usual earnings of the one upon whom they are dependent, income of such persons from sources other than the one upon whom they are dependent, and the state of well-being or health of such persons.

It is our opinion, therefore, and you are accordingly

advised, that the status of dependency, established as existing at the time of the induction of a Commonwealth employe into the military service, under the provisions of the Act of June 7, 1917, P. L. 600, as amended, may be changed from one of dependency to that of nondependency, or from one of total or partial dependency to one of partial dependency or nondependency.